*06-1937*
*RMU*

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Dorothy Pritchett

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS

Samual Bodman, Dept. of Energy

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David B. Nolan, Esq.
8310 Wagon Wheel Rd.         (703)
Alexandria VA 22209    780-1864

CASE NUMBER   1:06CV01937

JUDGE: Ricardo M. Urbina

DECK TYPE: Employment Discrimination

DATE STAMP: 11/13/2006

**JURY ACTION**

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZEN
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— O —

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**I. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000   28 USC 1331   15 USC 78aa, 77 v and 7 USC Section 25(c)

**II. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND** ☒ YES ☐ NO

**III. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 11/13/06   SIGNATURE OF ATTORNEY OF RECORD   _David Nolan_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms/js-44.wpd

RECEIVED
NOV 1 3 2006
Atty. Reviewed
NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DOROTHY PRITCHETT,** | ) | |
| 2105 Second Street, N.W. | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| Plaintiff. | ) | No.: |
| | ) | |
| V. | ) | |
| | ) | |
| **SAMUEL BODMAN** | ) | |
| 1000 Independence Ave., S.W. | ) | |
| Washington, D.C. 20585 | ) | |
| | ) | |
| Secretary, | ) | JURY TRIAL DEMANDED |
| | ) | |
| U.S. Department of Energy, | ) | |
| . | ) | |
| Agency. | ) | |

## COMPLAINT

This is a civil action to appeal the August 9, 2006 final agency decision by the

United States Department of Energy (Agency) denying relief in Agency Case No. 06-

0066-HQ regarding the July 13, 2006 EEO complaint brought by the federal

employee Complainant, Dorothy Pritchett.   This is also a civil action to appeal the

October 31, 2006 final agency decision regarding the Plaintiff's August 17, 2006

request for EEO counseling and informal EEO complaint against responsible

management official (RMO) Stephen F. Durbin for making ageist slurs against the

Plaintiff on August 1, 2006.

On May 24, 2006, the Plaintiff made a timely request for EEO counseling regarding thirteen (13) schemes of ongoing hostile environment and prohibited disparate treatment by responsible management official (RMO) Durbin against Dorothy Pritchett.  This complaint also raised disparate impact against Blacks aged 40 to 70 in the Office of Resource Management (ORM) of the Energy Information Administration (EIA)  who also have prior EEO activity.

The Agency appointed an EEO Counselor who investigated the July 13, 2006 allegations and she issued an extensive report of agency misfeasance and malfeasance.  Under the burden of proof standard of the *McDonnell Douglas v. Green,* the Agency has failed to provide a non-pretextual basis for RMO Durbin's disparate treatment of the Plaintiff and disparate impact of Blacks.   The Agency has provided no legitimate basis for having entrusted GS-15 Stephen F. Durbin, with greater delegated personnel management, classification and staffing authority than his SES supervisor, Howard Gruenspecht, who is the Deputy Administrator of the Energy Information Administration (EIA), at Department of Energy (DOE), Forrestal Headquarters.

 Moreover, Stephen F. Durbin, the Director of the Office of Resource Management (ORM/EIA) at DOE Forrestal Headquarters has a two decade record of adversely disparate treatment of Blacks, especially those aged 40 to 70 or with prior EEO activity.   The Plaintiff is informed and believes that DOE Secretary Hazel O'Leary removed RMO Durbin from the Office of Policy at DOE Headquarters with the admonition that RMO Durbin would never again be given supervisory authority to discriminate against minorities.

RMO Durbin has intentionally subjected the Plaintiff to thirteen (13) schemes of hostile environment and disparate treatment and impact on the basis of age (66), race (Black), sex (female) and prior EEO activity.  His prohibited *animus* included the desire to drive the Plaintiff out of federal government, as he had done to other Blacks in ORM, including but not limited to Joseph M. Santos and Carolyn E. Williams.  But for her age (66), race (Black), sex (female) and prior EEO activity, the Plaintiff would not have suffered disparate treatment from how those who are under age 40, White, male, or have no EEO protected activity are treated.

On July 13, 2006, the Plaintiff responded on a timely basis to the Agency's fifteen (15) day notice to go formal and filed an EEO complaint making thirteen allegations of ongoing hostile environment and disparate treatment based upon prohibited *animus* regarding  age (66), race (Black), sex (female), and prior EEO activity.

Each of the following thirteen Agency actions was prompted by prohibited *animus* as stated above:

(1) DOE employee, Paul Staller, made an ageist slur against the Plaintiff at a May 24, 2006 retirement party at DOE Headquarters. The Plaintiff is informed and believes that this was done with the tacit if not express approval of RMO Durbin.

 Staller's insult triggered a humiliating outburst of laughter among Ms. Pritchett's co-workers by his loudly taunting, "I have to respect my elders," when Ms. Pritchett entered the room.    His viciously intended remark held both Ms. Pritchett and the EIA retiree up to ridicule and opprobrium for being of retirement age before a mostly younger audience;

(2) Poli Marmalejos, the Director of the Office of Civil Rights, on May 18, 2006 refused to investigate any new Agency reprisals against Ms. Pritchett for her protected EEO activity, including her 1994 and 1995 EEO settlements.  For the willful failure to investigate the EEO claims of Ms. Pritchett and those of other Blacks at DOE Headquarters, Ms. Pritchett is informed and believes that the Agency has rewarded RMO Marmolejos with a "Rank" cash award of $10,000 or more for FY 2006.

(3) RMO Durbin has failed to provide adequate "human resource" training to staff Ms. Pritchett into and possibly maintain her grade in a GS-343-13 Management and Program Analyst (Human Resources) position description established in November 2003.   RMO Durbin has furthered the hostile environment against Ms. Pritchett by forcing "human resource" duties upon her without adequate training and sufficient prior job experience.

 The Plaintiff's 1994 and 1995 settlements expressly mandated that the Agency provide "adequate training" on an ongoing basis to support Ms. Pritchett's promotion to and maintenance of career ladder GS-12 to GS-13 duties.

(4) The Plaintiff is informed and believes that RMO Durbin directed DOE personnel specialist Marilyn Greene to classify Ms. Pritchett's newly created GS-343-13 Management and Program Analyst (Human Resources) position description as outside of the bargaining unit.   The Plaintiff is also informed and believes that this irregularity was a pretext to exclude the Plaintiff from union negotiated grievance procedures and deny her *Weingarten* rights.  The Agency has failed to provide a non-pretextual basis for why this non-supervisory and non-personnel management

position should be classified as outside of the bargaining unit. Ms. Pritchett is a long time NTEU union member and activist. RMO Durbin, who has represented DOE management in collective bargaining agreement negotiations, is adept at circumventing employee Collective Bargaining Agreement protections when he targets particular Black employees such as Carolyn E. Williams, Joseph M. Santos, and the Plaintiff.

(5) RMO Durbin, a White male, participated in the undocumented detail the Black Plaintiff out of her position in the National Energy Information Center (NEIC/EIA) from 1997 to November 2003. The Plaintiff is informed and believes RMO Durbin's failure to sign an SF-52, request for personnel action, for this long and highly irregular detail was retaliatory for her successful EEO case against her former NEIC supervisor, John Weiner.

The detail also facilitated the transfer many of Ms. Pritchett's official and GS grade supporting duties to Sharon Yvette Sutton, a younger Black female and protégé of RMO Durbin. These former GS-13 grade supporting duties of the Plaintiff include FOIA/Privacy Act, Federal Managers' Financial Integrity Act (FMFIA) and Congressional correspondence coordination. These transferred duties to Ms. Sutton in the National Energy Information Center (NEIC/EIA) form a pretext to advance her non-competitively from a GS-6 in 2002 to a GS-11 today.

The Plaintiff is informed and believes that in Ms. Sutton's criminal court papers following her three felony count arrest for cocaine possession and sale in 2002, Ms. Sutton, aka Zharon von Sutton, identified herself as living at RMO Durbin's Bethesda

residence in both 2002 and 2004.   The plaintiff is informed and believes that the Black Ms. Sutton has had a long time personal relationship with RMO Durbin.

RMO Durbin has bestowed more favorable treatment upon Ms. Sutton, aged 38 at the time of her conviction for cocaine possession, than he has to the Plaintiff aged 66, who has no arrest or leave abuse record.   The Plaintiff is informed and believes that Ms. Sutton was terminated by DOE's Office of Policy in 1993 for leave abuse. RMO Durbin rehired Ms. Sutton non-competitively in 2002 shortly before her felony drug arrest.

The Plaintiff is also informed and believes that RMO Durbin, who oversees the budget and personnel management of EIA, has orchestrated extensive funding for college courses and other training for Ms. Sutton.   The Plaintiff is informed and believes that RMO Durbin, as her reviewing official, excused Ms. Sutton's extensive leave abuse in ORM from March through October 2002.  During the period in which her probation was extended because of her declining to take or failing drug tests, RMO Durbin orchestrated Ms. Sutton's promotion in EIA from a GS-6 in ORM in year 2002 to a GS-11 in NEIC today without vacancy announcement competition in violation of merit promotion principles.  Ms. Pritchett has received no such favored treatment despite having no arrest, felony conviction or discipline for leave abuse.

(6) From 1997 to present, RMO Durbin has denied the Plaintiff both promotion and promotion opportunity in EIA.  He cancelled each of the two GS-14 vacancy announcements to which she has applied.  Since 1997, RMO Durbin has allowed ORM females under than age 40 to advance to his newly established GS-14 positions

in EIA without any competition from a vacancy announcement or through pre-

selection.

(7)   RMO Durbin has denied the Plaintiff the opportunity to be an acting

supervisor in ORM and to have adequate training to facilitate her promotion to a GS-

14 level within DOE Forrestal Headquarters.   RMO Durbin routinely denies

Plaintiff's requests for training courses and for an adequate individual development

plan (IDP).

(8) RMO Durbin has failed on an ongoing basis since October 1, 2004 to provide

the Plaintiff with a performance appraisal for FY 2004.  The Plaintiff has received

"highly successful" ratings for FY 2005 and FY 2006.   The Plaintiff is informed and

believes that RMO Durbin instructed the DOE Civil Rights Director, Poli

Marmolejos, to inform Ms. Pritchett on May 18, 2006 that she was not deserving of a

good performance appraisal in FY 2004 and had produced no work accomplishments.

Ms. Pritchett is informed and believes that since there is insufficient 'human

resource" work in ORM to support the creation of a full time human resource position

description, its creation was only a pretext to remove her from the bargaining unit.

(9) RMO Durbin, as the Director of ORM and the reviewing official for the

Plaintiff, has failed on an ongoing basis to provide adequate training for Ms.

Pritchett's "human resources" duties, for which she has had no prior job experience or

training.  She does not enjoy and has never sought such duties.  The Plaintiff is

informed and believes that her assignment of human resource duties was to further

the hostile environment so as compel her retirement from federal service.

There is no desk audit finding or other pretext to support RMO Durbin's orchestrating Plaintiff's classification and staffing into human resource duties. There was no DOE management need to establish such a position other than to orchestrate further reprisal against the Plaintiff.

The Plaintiff is informed and believes that RMO Durbin imposes the hostile environment in reprisal for her protected EEO activity and to compel Ms. Pritchett to retire so that RMO Durbin can promote his common law wife and convicted felon, Sharon Yvette Sutton, into Plaintiff's remaining GS-13 duties. The Plaintiff is further informed and believes that if RMO Durbin and Ms. Sutton were legally married, he would have committed nepotism within the meaning of Title V of the U.S. Code by augmenting his household income through orchestrating Ms. Sutton's promotions from a GS-6 to a GS-11 from 2002 to today.

(10) RMO Poli Marmolejos has protected RMO Durbin by failing to post adequately the final Agency EEO decision by Deputy Secretary Clay Sell that RMO Durbin was required to undertake EEO training following his prohibited discrimination as decided by the Agency in the EEO case of fired Black ORM/EIA employee, Carolyn E. Williams. The Plaintiff is informed and believes that since RMO Durbin is a putative first cousin of the second most powerful U.S. Senator, Richard Durbin of Illinois, RMO Stephen Durbin can, (1) commit with impunity prohibited personnel practices against Leo (Lenny) Conrad within the meaning of 5 U.S.C. 2302(b) for witnessing RMO Durbin's receiving oral sex in the Director's office from Sharon Y. Sutton during after job hours, (2) pay the niece of Marilyn Greene as a ghost employee in ORM/EIA to obtain favorable staffing, classification

8

and other personnel actions adverse to Ms. Pritchett and other Blacks in ORM,  (3)

obligate EIA funds for RMO Durbin's personal benefit to pay ORM contractor

Gordon Rollins for deposition assistance to RMO Durbin as the central figure in an

Office of Special Counsel (OSC) complaint investigation initiated by Leo Conrad, (4)

place Maria Isabel Ramos, as an undocumented Salvadoran  domestic of the Aunt of

Richard and Stephen Durbin, on ORM payroll as a contractor, and (5) dispense

excess EIA funds to the Office of Civil Rights for favored treatment in pending EEO

actions by Leo Conrad, Joseph M. Santos, Carolyn E. Williams, and Dorothy

Pritchett.

The Plaintiff is informed and believes that pending EEO cases by RMO Durbin

subordinates in the Office of Policy triggered the decision by Secretary Hazel

O'Leary that RMO Durbin should never be allowed to supervise again at DOE

Headquarters.

(11) Abel Lopez, the DOE FOIA/Privacy Act Headquarters Director, has denied

Ms. Pritchett's pending FOIA and Privacy Act requests by denying her access to

RMO Durbin's emails to and from Barbara Hall, Howard Gruenspecht, Guy Caruso,

and Gordon Rollins, among others.     In a partial FOIA/Privacy Act response, RMO

Lopez has even failed to provide to Ms. Pritchett a complete copy of her official

personnel file (OPF).

(12)  The Office of General Counsel, in an attorney chain of command from

RMO's Alex Bailey, Isaiah Smith, Susan Beard and Eric Fygi, has allowed three

conflicting statements by RMO Barbara Hall into the sworn record of the EEOC

regarding RMO Durbin's disparate treatment of and reprisal against Joseph M. Santos

for reporting a bribe attempt, within the meaning of 18 U.S.C. 209, by Barbara Hall to

obtain testimony helpful to DOE management in EEO proceedings brought by

Dorothy Pritchett.

RMO Durbin targeted the ORM established position of Mr. Santos, a GS-0399-5

Student Trainee (Computer Science), as a "necessary" reduction in force "cost

saving" measure regarding his $35,000 salary.    Only Santos was riffed from an EIA

staff of over 360.   EIA finished FY 2004 with a $500,000 surplus for the year of

RMO's Durbin's declared budget emergency.

The Plaintiff is further informed and believes that these RMO's in the Office of

General Counsel also protect both RMO Durbin and convicted felon Sharon Sutton

from removal from employment as security risks at  DOE Headquarters which is

entrusted with our nation's nuclear weapons supply.


(13) Each instance of ongoing hostile environment and disparate treatment raised

in her July 13, 2006 formal EEO complaint constitutes a new breach of Ms.

Pritchett's 1994 settlement at the EEOC.    In 1995, Ms. Pritchett was compelled to

file and obtain a federal court settlement when DOE failed to promote her in

accordance with her 1994 EEOC settlement.  The Plaintiff must again seek judicial

enforcement herein to deter further Agency bad faith and reprisals for her protected

EEO activity and obtain justice with a compensatory damage award of $300,000 for

RMO Durbin's abuse of Ms. Pritchett and other Blacks.

In an attempt to reverse her resulting EEO settlement promotions to a GS-12 and GS-13 and punish her for protected EEO activity, responsible management official (RMO) Stephen F. Durbin, the Director of the Office of Resource Management, has subjected Ms. Pritchett to two fraudulent desk audits in a fraudulent attempt to reduce her grade to that of a GS-9.  RMO Durbin's pretext for imposing human resource duties upon the Plaintiff is the second fraudulent desk audit in which RMO Durbin and Barbara Hall falsely held themselves out as the respective reviewing and rating officials regarding Plaintiff's NEIC position description of record that was "audited."

 The EEO settlements and their violation concern prohibited discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C. Section 2000(e) and the Age Discrimination in Employment Act (ADEA).

The Plaintiff's thirteen (13) allegations of ongoing hostile environment,  disparate treatment, and disparate impact also concern, and each of them concern,  prohibited discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C. Section 2000(e) and the Age Discrimination in Employment Act (ADEA).

## FACTUAL DISCUSSION

The Plaintiff is a GS-343-13, Management and Program Analyst (Human Resources) in the Office of Resource Management (ORM), Energy Information Administration (EIA), at the Department of Energy (DOE) Headquarters.  She is a black female, aged between 40 and 70, who has worked for DOE since the Agency's founding on October 1, 1977.   She is a competitive service federal employee entitled to protections under the both Title VII and the ADEA.

On  July 13, 2006 the Plaintiff responded timely to her fifteen day letter to go formal with an EEO complaint  to Office of Civil Rights of DOE Headquarters alleging of thirteen (13) ongoing issues of hostile environment and disparate treatment which were motivated by prohibited discrimination on the basis of age (66), race (Black), sex (female) and prior EEO activity.  Each of these also constitutes a new violation of the Plaintiff's 1994 EEOC and 1995 EEO federal court settlements prohibiting Agency reprisal.

By Final Agency Decision, dated August 9, 2006, the Deputy Director of the Office of Civil Rights, William A. Lewis, Jr.  failed to "accept" and refused to investigate each of Plaintiff's allegations.  This failure was despite a written Agency request for mediation following its receipt of an extensive EEO Counselor's report confirming wrongdoing by RMO Durbin. This report was highly critical of the Agency on each of the thirteen allegations of ongoing hostile environment and disparate treatment from how employees below age 40, White employees, male employees, and those without EEO activity are treated.

Although Ms. Pritchett raised the ongoing failure of the Agency to rate her FY 2004 annual performance, the Deputy Director of the Office of Civil Rights falsely intimated on August 9, 2006 that it was in Plaintiff's favor that she did not receive a performance appraisal in FY 2004. However, the lack of a current performance appraisal undermined Ms. Pritchett's ability to submit complete applications to any vacancy announcements.  Moreover, Ms. Pritchett's annual appraisal for FY 2005 and

FY 2006 were each "highly successful," despite the provision adequate training by RMO Durbin, Ms. Pritchett's reviewing official.

.

6.    The October 31, 2006 Halloween letter by Frank Vaccarella of the Office of Civil Rights, is a trick but no treat in attempting to justify the Agency's failure to process the Plaintiff's EEO complaints of July 13, 2006 and August 17, 2006.  Ms. Pritchett has received no EEO counseling from August 29, 2006 to September 21, 2006 in response to her August 17, 2006 request for EEO counseling.  Neither she not her attorney were informed of the appointment of an EEO counselor, i.e. RMO Vaccarella, until he closed the counseling period.  RMO Vaccarella never notified the Complainant nor her attorney of the beginning of the counseling period.

The Agency has refused to appoint an EEO investigator regarding the Plaintiff's EEO complaint of July 13, 2006.    RMO Vaccarella's letter of October 31, 2006 is inconsistent with Agency positions take in letters of May 18, 2006 and August 9, 2006.

The Plaintiff is informed and believes that the Agency's factually false October 31, 2006 letter reflects a desperate attempt to insulate RMO Stephen F. Durbin from any external Agency scrutiny.  The letter of October 31, 2006 is further contradicted by the actions of Frank Vaccarella of the Office of Civil Rights who provided to Ms. Pritchett's counsel on October 27, 2006 with an intake form which the Plaintiff signed and returned October 30, 2006 regarding the August 1, 2006 ageist slurs by RMO Durbin and the non-competitive promotion of GS-13 Monique von Alexander to a GS-14 position in ORM instead of the more qualified Plaintiff.

The Plaintiff is informed and believes that RMO Durbin's ageist slur of August 1, 2006 and non-selection to a-14 are each prohibited reprisals within the meaning of her 1994 and 1995 settlement agreements.   Moreover, the October 31, 2006 decision by RMO Vaccarella republishes Agency May 18, 2006 and August 9, 2006 final Agency decisions failing to find ongoing violations of Ms. Pritchett's EEO settlement agreements by RMO Durbin.  The Plaintiff seeks judicial review of each of these baseless final Agency decisions.

Alternatively, the Plaintiff may have to wait 180 days after her August 17, 2006 request for EEO counseling to bring to federal court review: (1) RMO's Durbin's ageist slurs and (2) Plaintiff's non-selection to the GS-14 position created for the younger Monique von Alexander.  However, the Plaintiff requests judicial notice that the Agency's failure to process properly her formal EEO complaint of July 13, 2006 and informal EEO complaint of August 17, 2006 each substantiates prohibited *animus* on the part of the Agency.  No "Rank" award to Poli Marmolejos can cure such indicia of wrongful Agency intent.

Under the terms of the EEO settlements, the Agency has the express affirmative duty to provide "adequate training" and to prevent reprisal for prior protected EEO activity. It has done neither.

Despite her annual requests over a decade for the establishment of an individual development plan (IDP) for adequate training, the Plaintiff has only received IDP approval for the last two months of fiscal year 2003.   Her current training courses are not adequate.

Her routine training requests have been generally denied, unlike those made by fellow DOE employees under forty years of age and by those with no prior EEO activity.

Most importantly, the Plaintiff has been provided no adequate training either before or after her reassignment in late 2003 to a new position description requiring her to perform "human resource" duties and studies.   The Plaintiff has no prior work experience, knowledge, nor training to perform these new official duties which include skill assessments.   She has been denied such adequate training both before and after her personnel action transfer to a new position description into which she was improperly staffed.

The Agency has falsely classified Plaintiff's new position description as outside of the union bargaining unit despite the absence of any duties which are supervisory, confidential, and/or administratively sensitive.  By result of this improper classification and staffing, the Agency denies to Plaintiff her access to negotiated grievance procedures under the NTEU-DOE Headquarters Collective Bargaining Agreement to contest any contrived performance or misconduct adverse action, including a pending groundless proposal for a three-day suspension of the Plaintiff several years ago by RMO Barbara Hall.

The Plaintiff is informed and believes that "human resource" position description makes her subject to an arbitrary and capricious reduction in force similar to that of Joseph M. Santos.  Similarly, RMO Durbin has left the Plaintiff vulnerable to a performance improvement plan (PIP) for his failure to provide adequate training.   Carolyn E. Williams was transferred from the Office of Defense Programs to assassin Durbin, excluded from the bargaining unit in ORM, and then orchestrated out of federal service by fraudulent performance appraisals by Barbara Hall and RMO Durbin.

Plaintiff is informed and believes that Barbara Hall's ludicrous accusations of AWOL to support a three-day suspension as the first step to a misconduct removal was directed by

RMO Durbin.  Barbara Hall made false "misconduct" allegations and proposed three-day

suspension regarding a minor performance issue against Joseph Santos for allegedly

finishing an assignment later than Hall wanted.     When RMO Durbin could not contrive

any credible Title V, Chapter 75 removal of Mr. Santos for alleged "misconduct," RMO

Durbin orchestrated the elimination of Mr. Santos' position on January 8, 2005, following

EIA receiving an addition two million in budgeted dollars to support Mr. Santos' salary.

    RMO Durbin has never dismissed and has kept open for several years a fraudulently

proposed three-day suspension against the Plaintiff by Barbara Hall, Ms. Pritchett's former

rating official.   The Plaintiff is informed and believes that Ms. Hall, a Black female, was

used as tool by RMO Durbin, her immediate boss, in a fraudulent reduction in force

removal of Joseph M. Santos from ORM payroll and the baseless removal of Carolyn E.

Williams, from ORM payroll for alleged poor performance.

        The Plaintiff is informed and believes that RMO Durbin has now forced Ms. Hall

to be a scapegoat for his EEO violations and wrongful intent.    The Plaintiff is informed

and believes that Ms. Hall was compelled  by RMO Durbin to step down precipitously

from her GS-343-14 Supervisory Management Analyst position and then to retire

precipitously, following Hall's false and contradictory sworn statements.  The Plaintiff is

informed and believes that RMO Durbin did not want to have the Agency be forced to

compel Barbara Hall's potential testimony against him if she remained a federal employee.

    Because of prior prohibited race discrimination and in accordance with the intent of

the settlement agreements, the Agency placed Ms. Pritchett in a GS-12/13 career ladder

position.   The Plaintiff promptly progressed from a GS-12 to a GS-13 and received annual

performance ratings of no lower than "highly successful" from 1994 through fiscal year 2000.

Since 1999, however, the Agency has placed the Plaintiff into an ever increasing hostile environment in violation of the reprisal protections of her settlement agreements. Despite her college degree, years of experience in the writer/ editor series, and decades of extensive knowledge regarding EIA programs and studies in the Department as a federal employee, the Plaintiff was ordered to perform "DOCS" and other clerical duties within the scope of work of ORM's contractor.  Without benefit of an SF-52 request for personnel action or an SF-50 notice of personnel action, the Plaintiff was detailed away from 1997 to late 2003 from her official GS-343-13 Management and Program Analyst duties and prevented from reporting to a GS-15 office director, i.e. John Weiner, and instead, to a GS -14, i.e. Barbara Hall.

In both 2001 and 2003, the Agency subjected the Plaintiff to procedurally and factually flawed desk audits in which she was falsely designated for demotion to a GS-9. The Agency has undermined Plaintiff's work independence and complexity of duties on an ongoing basis.   RMO Durbin compelled the Plaintiff to develop detailed instructions for Sharon Sutton to perform, to the ability that Ms. Sutton could, perform Ms. Pritchett's former duties.   The Plaintiff is informed and believes that Ms. Sutton, who has developed the nickname of "peanut [brain]" at work for perhaps her lack of mental acuity, fell off probation in 2002 for failure to take and then pass drug tests as a condition for her probation while cohabitating with Mr. Durbin.

Unlike employees under age 40 and without prior EEO activity, Ms. Pritchett was ordered by Barbara Hall to keep her office door open under the pretext that it is a "fire

hazard" to keep it closed.    Ms. Pritchett is informed and believes that Ms. Hall wanted to eves drop on Plaintiff's phone conversations with counsel as per instructions from RMO Durbin.    The Plaintiff is further informed and believes that RMO Durbin could have targeted Blacks, Joseph Santos and Carolyn E. Williams, for removal from federal service in a paranoid belief that either could have tipped off police that Ms. Sutton was selling drugs at a Prince Georges' County motel.

The Plaintiff has been falsely cited for two instances of alleged "leave abuse" and remains under threat of a three-day suspension because of the failure of RMO Durbin to approve or reject this baseless proposal of Barbara Hall.   One contrived "AWOL" accusation by Ms. Hall concerned a Forrestal Building fire drill when Ms. Pritchett was in a work related meeting in DOE's Comsat Building rather than standing outside the building with other EIA employees. . The contrived other "AWOL" accusation by Ms. Hall related to Ms. Pritchett's letting her attorney into the Forrestal Building immediately prior to an Agency scheduled deposition.  Barbara Hall, who attended the deposition to pass notes to the Office of General Counsel attorney, was fully aware of Ms. Pritchett's being away from her duty station for deposition purposes.

In her prior 29 years of DOE employment, the Plaintiff had never been otherwise accused, let alone disciplined, for alleged leave abuse or other misconduct.

## **LEGAL ANALYSIS**

Under 5 U.S.C. Section 7201 (1994), it is the "policy of the United States to insure equal employment opportunities for Federal Employees without discrimination because of race, color, religion, sex or national origin and the President shall utilize his existing authority to effectuate this policy."

Pursuant to the mandate of 5 U.S.C. Section 7201, Executive Orders 11,246 and 11,478 were issued to prohibit discrimination in the federal work force.

Section 717 of the Equal Employment Opportunity Act of 1972, provides that "all personnel actions [relating to covered federal employees] shall be free from discrimination.

The United States District Court for the District of Columbia has jurisdiction under 28 U.S.C. Section 1331 since the Plaintiff is a competitive service federal employee working at DOE in the District of Columbia who has suffered harm.

Venue is proper in the District of Columbia judicial district pursuant to 28 U.S.C. Section 1391, 15 U.S.C. Section 78aa and 77v, and  7 U.S.C. Section 25(c).  The Plaintiff is a District of Columbia resident who resides at 2105 Second Street, N.W., Washington, D.C. 20001.  She has suffered from an ongoing hostile environment with prohibited disparate treatment and impact at DOE Headquarters, located at 1000 Independence Ave., SW, Washington, DC 20585.  The Plaintiff was born October 23, 1940.

 By virtue of the Agency's violation of the settlement agreements by denial of adequate training and the placement of her in a hostile environment of reprisal in contravention to her EEOC and U.S. District Court (District of Columbia)  settlement agreements, and each them, the Plaintiff has suffered and continues to suffer from nervous stress and anxiety.   She has incurred medical expenses and damages of $20,000 to date.

The Plaintiff wishes that the Court take judicial notice that 93% of voters at exit polls on November 9, 2006 admitted that their decision to vote reflected their concern

regarding federal government corruption as a motivational factor for exercising their privilege.

WHEREFORE, the Plaintiff requests enforcement of her settlement agreements and each of them requiring adequate training and freedom from reprisal, reassignment of her choosing from the hostile environment in EIA, reasonable attorney fees, compensatory damages not to exceed $300,000 and reimbursement of her medical expenses at time of trial.

The Plaintiff seeks promotion to a GS-14 level and back pay from 1997 when Barbara Hall, a younger and less qualified individual, was placed in a GS-343-14, Supervisory Management Analyst position in ORM/EIA.    The Plaintiff requests a two-year non reimbursable detail outside of the Department of Energy with the ability to extend such non-reimbursable detail for an additional two years.

Respectfully submitted,

November 9, 2006                      _____
                                     David B. Nolan, Esq.
                                     Attorney for Plaintiff
                                     8310 Wagon Wheel Road
                                     Alexandria, VA 22309-2175
                                     D.C. Bar # 379804
                                     (o) 703-780-1864
                                     (FX) 703-780-1434
                                     DBNESQ1@aol.com